UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARAMJIT SINGH BASRA,

          Petitioner,

v.

STEPHEN SINCLAIR,

          Respondent.

CASE NO. C18-186 TSZ-BAT

**ORDER DIRECTING PETITIONER TO RESPOND BY SEPT. 27, 2018 REGARDING THE MIXED HABEAS PETITION AND STRIKING PENDING DEADLINES**

The Court asked petitioner to file briefs with respect to (**1**) the answer to his 28 U.S.C. § 2254 habeas petition and (**2**) his motion to stay and abey while he pursued unexhausted claims. Dkt. 16. Petitioner did not do so. Instead, petitioner moved to voluntarily dismiss his habeas petition so that he could fully exhaust pending claims in state court and then return to federal court later with a petition containing only fully exhausted claims. Dkt. 18. Respondent filed a brief opposing the motion to stay and abey and not opposing the motion to voluntarily dismiss the petition. Dkt. 19.

Because petitioner is proceeding *pro se*, the Court has grave concerns that petitioner is not aware that by choosing to voluntarily dismiss his current habeas petition he may be foreclosing his ability to pursue a habeas petition at all because a later § 2254 petition might be barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation

period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A). In this case, the limitations period began to run in July 2014, i.e., the last date on which petitioner could have, on direct review, sought a writ of certiorari from the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999).

Although the one-year limitation period is tolled during the pendency of a "properly filed" collateral state challenge to the state conviction, a personal restraint petition ("PRP") is *not* "properly filed" if it is dismissed as untimely under state law. 28 U.S.C. § 2244(d)(2); *Pace v. DiGugliemo*, 544 U.S. 408, 414 (2005). Thus, the one-year federal limitations period ran from July 2014 until petitioner filed his first PRP in 2015; the clock was stopped from 2015 until it was fully resolved in 2017; and the limitations clock began running again in 2017. Petitioner's second, third, and fourth PRPs may *not* have stopped the habeas clock from running either because they were fully resolved during the pendency of his first PRP in 2015 to 2017, or because they were dismissed as untimely (or, in the case of the pending Washington Court of Appeals Cause Number 78282-7-I, may be dismissed as untimely). Although the current habeas petition was filed in February 2018, the federal limitations period does not stop running during the pendency of a federal habeas petition. If petitioner dismisses his current habeas petition, he will likely be time-barred from bringing one in the future.

There is no question that the present habeas petition is a "mixed petition" of exhausted and unexhausted claims. Petitioner raises four arguments in his § 2254 petition: (**1**) his right to be free from double jeopardy was violated when he was charged with two separate counts of murder; (**2**) his statements to the police, after he was in custody but prior to being advised of his Miranda rights, were involuntary and should not have been admitted as evidence; (**3**) he was

denied the right to testify by defense counsel's limitation of his questioning of petitioner on direct examination; and (**4**) the trial court's jury instructions denied him the right to a unanimous jury verdict. Dkt. 1, at 5–11. The parties agree that claim 3 (right to testify) was exhausted on direct appeal and that claim 4 (right to a unanimous jury verdict) was exhausted in the fourth PRP. Respondent contends that even if petitioner exhausts claim 2 (involuntary statement to police) in his currently pending state court of appeals Cause No. 78282-7-I, claim 1 (double jeopardy) would be unaffected and will remain both unexhausted and procedurally barred.

When faced with a mixed petition, a federal district court may generally exercise one of three options: (**1**) dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (**2**) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; and (**3**) allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005). By filing a motion to voluntarily dismiss his current habeas petition, petitioner has expressed his intent to request that the Court exercise option 1 and dismiss the petition without prejudice. The Court is hesitant to grant petitioner's motion to voluntarily dismiss, however, because it is unclear that the *pro se* petitioner recognizes the probability that by doing so he would be time-barred from bringing another federal habeas petition at a later date. Petitioner appears to have abandoned his motion to stay and abey this habeas action, thereby removing option 2. Petitioner has not yet expressed an intent to utilize option 3 and delete the unexhausted claims 1 and 2 and proceed only with the exhausted claims 3 and 4.

The Court **ORDERS** petitioner to explain his clear intent to procced with one of the three options: (**1**) seek voluntary dismissal of this action fully informed that a dismissal *without* prejudice may, in practical terms, be a dismissal *with* prejudice because a future habeas petition may be time-barred; (**2**) move to stay and abey this matter so that he may exhaust claim 2 (involuntary statement to police) in state court fully informed that his current claim 1 (double jeopardy) may be dismissed on the merits as unexhausted but procedurally barred; or (**3**) delete the currently unexhausted claims 1 and 2 and proceed only with the exhausted claims 3 and 4. Petitioner's responsive brief should be filed by **September 27, 2018**, and a failure to respond shall be taken as a presumption that petitioner has abandoned his motion to stay and abey and prefers to move for voluntary dismissal fully informed that a future habeas petition may be time-barred. The Clerk is directed to **STRIKE** any pending deadlines in this matter.

DATED this 6th day of September, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge