1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

PARAMJIT SINGH BASRA,

9

Petitioner,

CASE NO. C18-186 TSZ-BAT

10

v.

**REPORT AND
RECOMMENDATION**

11

STEPHEN SINCLAIR,

12

Respondent.

13

*Pro se* petitioner raises four grounds for relief in his 28 U.S.C. § 2254 habeas petition:

14

(**1**) his right to be free from double jeopardy was violated when he was charged with two

15

separate counts of murder; (**2**) his statements to the police, made while in custody prior to being

16

informed of his *Miranda* rights, were involuntary and should not have been admitted in

17

evidence; (**3**) he was denied the right to testify by defense counsel's limited questioning during

18

the direct examination; and (**4**) the trial court's jury instructions denied him the right to a

19

unanimous jury verdict. Dkt. 1, at 5–11. Petitioner moves to stay and hold in abeyance his

20

current petition pending exhaustion of **Ground 2** in state court and acknowledges that **Ground 1**

21

may be dismissed as unexhausted but procedurally barred. Dkt. 21, at 1; *see* Dkts. 15, 18.

22

Respondent opposes the motion for a stay and abeyance. Dkt. 19. The Court recommends

23

**DISMISSING** Ground 1 and **GRANTING** petitioner's motion for a stay and abeyance so that

REPORT AND RECOMMENDATION - 1

petitioner may exhaust Ground 2 in state court and return with a fully exhausted habeas petition. As set forth below, the parties should provide the Court with periodic status reports about the state-court proceedings. The Clerk should strike all other pending motions as moot. This case should remain referred to the undersigned magistrate judge.

## BACKGROUND

On February 5, 2018, petitioner filed his § 2254 habeas petition. Dkt. 1. In May 2018, respondent filed an answer and the relevant state-court record. Dkts. 10, 11. Petitioner did not, however, substantively respond to the answer. Instead he filed his first, two-page motion for a stay and abeyance, referring to his need to exhaust his claims in Washington Court of Appeals Case Number 78282-7-I. Dkt. 15. In July 2018, the Court directed petitioner to respond to the answer; directed respondent to reply to the answer and to respond to the motion for a stay and abeyance; and permitted petitioner to file a surreply to the answer and a reply to the motion for a stay and abeyance. Dkt. 16. Petitioner declined, however, to respond to the answer; instead, he moved to voluntarily dismiss the habeas petition in its entirety due to the unexhausted claims pending in state court. Dkt. 18.

In August 2018, respondent expressed no opposition to petitioner's motion to voluntarily dismiss but opposed the motion for a stay and abeyance. Dkt. 19. In September 2018, the Court expressed concern that *pro se* petitioner was not aware that by choosing to voluntarily dismiss his federal habeas petition he might be foreclosing his ability to pursue a habeas petition at all because a later-filed § 2254 petition might be barred by the one-year statute of limitations. Dkt. 20, at 1. The Court therefore directed petitioner to specify whether he chose to (**1**) dismiss the petition in its entirety, or (**2**) move for a stay and abeyance of the mixed petition, or (**3**) delete the unexhausted claims and proceed with the exhausted claims.

1    Petitioner has now expressed his desire to renew his motion for a stay and abeyance of

2    his mixed habeas petition by dismissing his unexhausted **Ground 1** (double jeopardy), fully

3    exhausting **Ground 2** (involuntary statement to police) in state court, and then returning to

4    federal court to pursue his fully exhausted habeas petition consisting of **Grounds 2, 3, and 4**.

5    Dkt. 21.

6                                            **DISCUSSION**

7    "A stay and abeyance is appropriate when the petitioner demonstrates 'good cause' for

8    his failure to exhaust his claims in state court, where his claims are not plainly meritless, and

9    where he has not engaged in 'abusive litigation tactics.'" *Dixon v. Baker*, 847 F.3d 714, 720 (9th

10    Cir. 2017) (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). "[P]etitioner's reasonable

11    confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for

12    him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544

13    U.S. at 278). Good cause under *Rhines* does not require a showing of extraordinary

14    circumstances, but a petitioner must do more than simply assert that he was under the impression

15    that his claim was exhausted. In *Dixon*, the Ninth Circuit held that a petitioner has established

16    good cause by demonstrating that he proceeded *pro se* in his state post-conviction proceedings.

17    *Dixon*, 847 F.3d at 720–21. That is, the absence of counsel alone during the pendency of a

18    petitioner's state post-conviction case "is sufficient to establish good cause." *Id.* at 721.

19    The Court finds, first, that petitioner has demonstrated good cause for his failure to

20    exhaust Ground 2 (involuntary statement to police) in the manner envisioned by the Ninth

21    Circuit in *Dixon*. Although petitioner's counsel raised the issue of the voluntariness of

22    petitioner's statements during trial, on direct appeal it was raised only in petitioner's *pro se*

23    statement of additional issues. Dkt. 11, Exh. 18, at 9–12. In seeking discretionary review by the

REPORT AND RECOMMENDATION - 3

Washington Supreme Court, neither counsel nor petitioner filing *pro se* raised Ground 2. Dkt. 11, Exhs. 24, 25, 26. Ground 2 did not reappear in state-court proceedings until petitioner filed the *pro se* third personal restraint petition that is currently pending as Washington Court of Appeals Cause Number 18282-7-I. According to the state-court docket for that case, the court of appeals appointed counsel in May 2018 and counsel's brief is due for filing on October 26, 2018. *See* https://dw.courts.wa.gov (last viewed Oct. 4, 2018). The *Dixon* court noted:

> A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel. Such a denial strikes us as unwarranted when even a petitioner who *did* have counsel in his state post-conviction proceedings has a path to a stay under *Rhines* if he alleges a plausible claim that his post-conviction counsel was ineffective.

*Dixon*, 847 F.3d at 721–22. Here, petitioner raised Ground 2 only while filing a *pro se* statement on direct review and in a *pro se* personal restraint petition. Moreover, the resolution of currently pending Cause Number 18282-7-I, in which counsel has been appointed, will demonstrate whether Ground 2 has been fully exhausted. That is, petitioner has shown good cause for his failure to exhaust by raising Ground 2 as a *pro se* issue in direct and collateral proceedings, and the May 2018 appointment of counsel in Cause Number 18282-7-I will help to address why and whether Ground 2 is fully exhausted in state court.

Second, the Court notes that respondent, in opposing petitioner's motion for a stay and abeyance, has not asserted that Ground 2 is "plainly meritless" or that petitioner is engaging in "abusive litigation tactics." *See Dixon*, 847 F.3d at 720. Respondent opposed a stay and abeyance because "even if [petitioner's] current appeal results in state-court review of his habeas claim 2 (involuntary statement to police), his first ground for habeas relief would be unaffected and will

1  remain unexhausted and procedurally barred." Dkt. 19, at 3. Petitioner has now voluntarily

2  abandoned Ground 1 such that only Grounds 2, 3, and 4 remain. Respondent's opposition to a

3  stay based on Ground 1 is therefore no longer applicable.

4          Third, the Court cannot conclude at this juncture that Ground 2 is "plainly meritless" or

5  that petitioner is engaging in "abusive litigation tactics." The *Dixon* panel noted:

6                  In determining whether a claim is plainly meritless, principles of
                   comity and federalism demand that the federal court refrain from
7                  ruling on the merits of the claim unless it is perfectly clear that the
                   petitioner has no hope of prevailing. A contrary rule would deprive
8                  state courts of the opportunity to address a colorable federal claim
                   in the first instance and grant relief if they believe it is warranted.
9
10 *Dixon*, 847 F.3d at 722 (citations and quotation marks omitted). In Ground 2, petitioner raises a

11 colorable, federal claim about the admissibility of inculpating, pre-*Miranda* statements made to

12 the arresting officers. The trial court held a pretrial hearing concerning statements made at the

13 time of the arrest and concluded that petitioner's statements were spontaneous and voluntary.

14 Dkt. 11, Exh. 1 (transcript of CrR 3.5 hearing). The Washington Court of Appeals agreed. Dkt.

15 11, Exh. 23, at 6–7 & n. 13. Pending Cause Number 18282-7-I will permit the Washington Court

16 of Appeals to consider this issue again with the benefit of a brief from counsel. Federal courts

17 employ a due-process inquiry into the "totality of the circumstances" to determine the

18 voluntariness of a defendant's confession, and will consider factors such as the degree of police

19 coercion, the length of the interrogation, its location, its continuity, and the defendant's maturity,

20 physical condition, and mental health. *See Withrow v. Williams*, 507 U.S. 680, 693–94 (1993).

21 The record shows that petitioner was handcuffed as he made inculpatory statements and

22 expressed his lack of comprehension of his *Miranda* rights until he was afforded a Punjabi

23 interpreter. Dkt. 11, Exh. 1, at 27–52. Under these circumstances, the Court need not race to

   conclude that Ground 2 is "plainly meritless" before the state court has given its final word.

REPORT AND RECOMMENDATION - 5

1    Nothing in the record suggests that petitioner is engaging in abusive litigation tactics; rather, his

2    piecemeal litigation of the issues—including an attempt to dismiss his petition despite the

3    likelihood of a future petition being time-barred—appears to be a consequence of proceeding *pro*

4    *se*.

5           The Court recommends dismissing **Ground 1** and granting petitioner's motion for a stay

6    and abeyance so that petitioner may exhaust **Ground 2** in state court and return to federal court

7    with a fully exhausted habeas petition. **Respondent** should file a status report every **six (6)**

8    **months** from the date that this Report and Recommendation is adopted. **Petitioner** should

9    inform the Court in writing within **thirty (30) days** of the resolution of Cause Number 18282-7-

10   I, as well as within **thirty (30) days** of the resolution of this case by the Washington Supreme

11   Court should petitioner seek discretionary review. The Clerk should strike all other pending

12   motions as moot. The case should remain referred to the undersigned magistrate judge.

13                                    **OBJECTIONS AND APPEAL**

14          This Report and Recommendation is not an appealable order. Therefore a notice of

15   appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

16   assigned District Judge enters a judgment in the case.

17          Objections, however, may be filed and served upon all parties no later than **October 30,**

18   **2018.** The Clerk should note the matter for **November 2, 2018**, as ready for the District Judge's

19   consideration if no objection is filed. If objections are filed, any response is due within 14 days

20   after being served with the objections. A party filing an objection must note the matter for the

21   Court's consideration 14 days from the date the objection is filed and served. The matter will

22   then be ready for the Court's consideration on the date the response is due. Objections and

23

REPORT AND RECOMMENDATION - 6

responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

DATED this 9th day of October, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7