UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARAMJIT SINGH BASRA,

             Petitioner,

v.

STEPHEN SINCLAIR,

             Respondent.

CASE NO. C18-186-TSZ

**REPORT AND RECOMMENDATION**

    *Pro se* petitioner Paramjit Singh Basra voluntary dismissed Ground 1 of his 28 U.S.C § 2254 habeas petition so that he could exhaust his Ground 2 and return to federal court with Grounds 2 through 4. *See* Dkts. 1, 22. His remaining grounds for relief are now ripe for consideration—**Ground 2**: his statements to the police, made while in custody prior to being informed of his *Miranda* rights, were involuntary and should not have been admitted in evidence; **Ground 3**: he was denied the right to testify by defense counsel's limited questioning during the direct examination; and **Ground 4**: the trial court's jury instructions denied him the right to a unanimous jury verdict. Dkt. 1, at 5–11. The Court finds that Grounds 2 and 4 are procedurally defaulted and, alternatively, lack merit; and that Ground 3 lacks merit. The Court recommends **DENYING** the habeas petition and **DISMISSING** the matter with prejudice. To the extent Mr. Basra implies in responsive briefing that he would like to amend his petition to

REPORT AND RECOMMENDATION - 1

add a new claim, the Court recommends **DENYING** an amendment to the petition. The Court recommends **DENYING** issuance of a certificate of appealability.

## BACKGROUND

In February 2018, Mr. Basra filed a habeas petition containing four grounds for relief. Dkt. 1. He voluntarily dismissed the unexhausted Ground 1 and the petition was stayed and held in abeyance from November 2018 until November 2020 so Mr. Basra could complete his pursuit of state-court remedies for Ground 2 before returning to federal court to press for relief based only on Grounds 2 through 4. *See* Dkts. 22, 23, 35. The Court twice reset the briefing schedule: for a month based on Mr. Basra's statement that he had not received the supplemental answer, and for three months based on his concerns about accessing the law library and legal materials given COVID-19 restrictions in the prison. Dkts. 40, 43.

On direct appeal, the Washington Court of Appeals set forth the relevant facts surrounding Mr. Basra's jury-trial conviction for first-degree murder of his wife. *State v. Basra*, 2013 WL 6199251 (Wash. Ct. App. Nov. 25, 2013).

> On July 27, 2009, Amandeep Basra called 911 screaming, "[M]y father's killing my mom." When police arrived at the house, Paramjit Basra (hereinafter Basra) opened the door. An officer immediately put Basra in handcuffs. Basra said, "Ah, ah, the problem is I killed my wife. She's in the room to the right." As another officer walked Basra to a patrol car, Basra said, "I have family problems." Basra also said, "She has problems with men, so I killed her." The police found Basra's wife, Harjinder, lying unconscious on the bedroom floor, not breathing. Aid personnel transported Harjinder to the hospital, where she died three days later.

*Basra*, 2013 WL 6199251, at *1. After the 2012 trial, the jury found Mr. Basra guilty as charged both for first-degree murder and for felony murder, and the trial court vacated the felony murder charge. *Id.* at *1–*2. In 2013, the court of appeals affirmed except as to the State's conceded

REPORT AND RECOMMENDATION - 2

error regarding the period of community custody. *Id.* at *1. In 2014, the state supreme court denied discretionary review without comment. *State v. Basra*, 321 P.3d 1206 (Wash. 2014) (Table). The state court of appeals issued its mandate on April 16, 2014. Dkt. 14 (State Court Record [hereinafter "**SCR**"], *available only in paper form*), Exh. 30.

Thereafter, Mr. Basra sought relief through a number of personal restraint petitions ("PRPs") and motions. **First**, through counsel he filed a first PRP in 2015. SCR, Exhs. 31, 32. The court of appeals denied the first PRP in 2016. *In re Basra*, 2016 WL 6534867 (Wash. Ct. App. Oct. 31, 2016). In 2017, the Acting Commissioner of the state supreme court denied review and the state supreme court subsequently denied a motion to modify the ruling. SCR, Exhs. 37, 39. **Second**, Mr. Basra filed a *pro se* motion for relief from judgment under CrR 7.8 in superior court in 2016. SCR, Exh. 41. That motion was transferred to the state court of appeals as a second PRP, and the court of appeals subsequently granted Mr. Basra's motion to voluntarily dismiss the petition. SCR, Exhs. 43, 44, 45. **Third**, Mr. Basra filed a CrR 7.8 motion and a CrR 8.3 motion in superior court in 2016. SCR, Exhs. 47, 49. Those motions were transferred to the court of appeals. Tr. 51, 52. Tr. The Chief Judge of the Washington Court of Appeals treated his CrR 7.8 motion as a third PRP and dismissed it as untimely and as being already fully resolved on direct appeal. SCR, Exh. 57, at 2–4. The Chief Judge remanded the CrR 8.3 motion for the superior court to consider. *Id.* at 1–2. In March 2018, the superior court held a hearing on the CrR 8.3 motion at which Mr. Basra was present, was represented by counsel, and had the assistance of a Punjabi interpreter. Dkt. 37 (Supplemental State Court Record [hereinafter "**Supp. SCR**"], *available on ECF at Dkt. 37-1*), Exh. 67. The superior court then denied Mr. Basra's CrR 8.3 motion as an untimely post-conviction motion. SCR, Exh. 59. The current federal habeas petition was stayed and held in abeyance during the pendency of Mr. Basra's

REPORT AND RECOMMENDATION - 3

appeal of the CrR. 8.3 motion because Ground 2 was at-issue in the motion. Dkts. 22, 23. In a 2019 published opinion, the Washington Court of Appeals affirmed the dismissal of Mr. Basra's CrR 8.3 motion as untimely because CrR 8.3(b) is not intended to be a vehicle for post-judgment collateral attack; rather, the rule is limited to ongoing criminal prosecutions where no judgment has been entered. *State v. Basra*, 448 P.3d 107, 111–12 (Wash. 2019). The state supreme court denied discretionary review. *State v. Basra*, 455 P.3d 133 (Table) (Wash. 2020). The United States Supreme Court denied a petition for a writ of certiorari. *Basra v. State of Washington*, 141 S. Ct. 322 (Mem). This Court subsequently lifted the stay and set the briefing schedule. Dkt. 35.

**Fourth**, in 2017 Mr. Basra filed a fourth PRP with the state supreme court that was transferred to the state court of appeals. SCR, Exh. 60, 61. The court of appeals found the fourth PRP to be successive and transferred it to the supreme court for final determination. SCR, Exh. 62. The Commissioner of the Washington Supreme Court dismissed the petition because it was untimely and did not meet any of the exceptions to the one-year time bar. SCR, Exh. 63.

In this federal habeas petition, Mr. Basra has voluntarily dismissed Ground 1 (that asserted a violation of double jeopardy for being charged with two separate counts of murder). Dkts. 22, 23. He proceeds with the following grounds for relief:

**Ground 2**:  His statements to police, after he was in custody but prior to a *Miranda* rights advisement, were involuntary and should not have been admitted in evidence.

**Ground 3**:  He was denied the right to testify by defense counsel's limitation of his questioning of Mr. Basra on direct examination.

**Ground 4**:  The trial court's jury instructions denied him the right to a unanimous jury verdict.

REPORT AND RECOMMENDATION - 4

Dkt. 1, at 5–11.

# DISCUSSION

Mr. Basra's Grounds 2 (pre-*Miranda* statements) and 4 (jury instructions) are procedurally defaulted and, alternatively, lack merit. Ground 3 (right to testify/ineffective assistance of counsel) lacks merit. Mr. Basra's implied motion to amend the petition to add a new claim should be denied. A certificate of appealability should not issue.

## I.   Procedurally Defaulted Grounds 2 and 4

Before seeking federal habeas relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct violations of its prisoners' federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To provide the State with the necessary opportunity, the prisoner must "fairly present" his or her claim in each appropriate state court. *Id.* When discretionary state supreme court review is part of the appellate process, whether on direct review or during the judicial postconviction process, "fair presentation" means that a petitioner must present all claims to the highest court in order to permit federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Casey v. Moore*, 386 F.3d, 896, 916 (9th Cir. 2004). It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. In order to exhaust the federal habeas claim, a petitioner must have fairly presented to the state courts the substance of his or her federal habeas claim. *Anderson v. Harless*, 459 U.S. 4, 6–7 (1982). Vague references to broad constitutional principles such as due process, equal protection, and a fair trial do not satisfy the exhaustion requirement. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Id.* at 163.

Mr. Basra did not fairly present Grounds 2 and 4. Despite that he did not fairly present these claims as violations of federal law to the Washington state courts, he has exhausted his state-court remedies on these questions for federal habeas purposes. This is because Mr. Basra is procedurally barred from pursuing remedies in state court by independent and adequate state grounds: Washington's one-year statute of limitations for collateral attacks, RCW § 10.73.090, and the state law against second or successive collateral attacks absent good cause, RCW § 10.73.140; *see* R.A.P. 16.4(d). Mr. Basra's criminal conviction became final in April 2014 and he is now time-barred from filing a personal restraint petition. *See* SCR, Exh. 63 (Commissioner of Washington Supreme Court noting that, although the court of appeals had not considered the question, Mr. Basra's fourth PRP was untimely under RCW § 10.73.090); SCR, Exh. 62 (Acting Chief Judge of Washington Court of Appeals noting that RCW § 10.73.140 barred the court of appeals from considering Mr. Basra's fourth PRP—a successive petition that raised new claims—and transferring it to Washington Supreme Court for final determination); *In re Bell*, 387 P.3d 719, 722 (Wash. 2017) (noting that although a successive PRP can be filed originally in, or transferred to, the state supreme court, an exception is that successive petitions that are also untimely should be dismissed outright).

The Ninth Circuit has held that Washington's time-related procedural statute on personal restraint petitions, RCW § 10.73.090, provides an independent and adequate state ground to bar federal review. *See Shumway v. Payne*, 223 F.3d 982, 989 (9th Cir. 2000). In addition, under Washington law, the state courts will not consider a second or successive personal restraint petition absent good cause showing why the issues were not raised in the prior personal restraint petition and, moreover, should dismiss outright successive petitions that are also untimely. RCW § 10.73.140; *see In re Bell*, 387 P.3d at 722. Under such circumstances, Mr. Basra's Grounds 2

and 4 are procedurally barred from being resolved in state court and are procedurally defaulted for federal habeas purposes unless he can demonstrate (1) cause for his default in state court and actual prejudice from the alleged error, or (2) the failure to review would result in a miscarriage of justice, such as a conviction standing despite actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### A. Ground 2: Pre-*Miranda* Statements to Police

In Ground 2, Mr. Basra challenges the admissibility of his pre-*Miranda* statements to the arresting officers. Dkt. 1, at 8. This claim is procedurally defaulted for federal habeas purposes and Mr. Basra has not demonstrated cause and prejudice or a miscarriage of justice to excuse his procedural default. The claim also lacks merit.

Mr. Basra raised Ground 2 on direct appeal to the state court of appeals in his *pro se* statement of additional grounds for review, SCR Exh. 18, at 2–5, 9–12, and the claim was adjudicated by the state court of appeals in its decision on direct appeal, 2013 WL 6199251, at *3. Ground 2 was not, however, included in Mr. Basra's petition for review to the state supreme court. SCR, Exh. 27. Although Mr. Basra later challenged the admission of his statements to the police in his subsequent CrR 8.3(b) motion, SCR, Exh. 49, at 3–5, he did not pursue any substantive constitutional claims in the appeal from the dismissal of the CrR 8.3(b) motion. Supp. SCR, Exhs. 74, 78. Moreover, had Mr. Basra raised Ground 2 in the CrR 8.3(b) proceedings, the claim would be procedurally barred from review in state court because the state court of appeals found the CrR 8.3(b) motion to be untimely, *Basra*, 448 P.3d at 111–12. Mr. Basra cannot now return to state court to raise Ground 2 in a PRP because doing so would be barred by the one-year statute of limitations and by the state law against second or successive petitions. SCR, Exh. 63; RCW § 10.73.090; RCW § 10.73.140; *In re Bell*, 387 P.3d at 722.

Ground 2 is therefore procedurally defaulted for federal habeas purposes because Mr. Basra cannot demonstrate cause and prejudice or that the failure to review this claim would result in a miscarriage of justice. *See Coleman*, 501 U.S. at 750.

Were Ground 2 not procedurally defaulted, Mr. Basra's claim would still fail because he cannot demonstrate the Washington Court of Appeals' decision that his incriminating statements were voluntary and admissible was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). The state court of appeal noted:

> Basra next argues that the trial court erroneously admitted his statements to the officers as evidence in violation of his constitutional rights. In particular, he claims that he could not have voluntarily and knowingly waived his rights, because he was "completely unable to understand the arresting/detaining officers['] statements." But the trial court held a CrR 3.5 hearing and found that Basra's statements, which Basra made in English and which the officers clearly understood, were spontaneous and not in response to police interrogation. Under these circumstances, the trial court properly admitted the statements as voluntary and Basra fails to establish grounds for relief.

*Basra*, 2013 WL 6199251, at *3. "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. . . . Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by [the *Miranda* rule regarding custodial interrogations]." *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). Mr. Basra has not undermined the state-court determination that his incriminating statements were voluntary, spontaneous, and not in response to police interrogation.

Mr. Basra's Ground 2 is procedurally defaulted for federal habeas purposes and, alternatively, lacks merit.

REPORT AND RECOMMENDATION - 8

### B. Ground 4: Jury Instructions

In Ground 4, Mr. Basra argues that his right under Wash. Const. art. 1, § 22 to a unanimous jury verdict was violated by certain unspecified errors in the instructions. Dkt. 1, at 11. Mr. Basra did not fairly present Ground 4 as a federal claim, it is procedurally defaulted for federal habeas purposes, and he has not demonstrated cause and prejudice or a miscarriage of justice to excuse his procedural default. The claim also lacks merit because it fails to state a cognizable ground for federal habeas relief.

Mr. Basra presented Ground 4 as a state-constitution based claim to the state courts for the first time in his fourth PRP filed in 2017. SCR, Exh. 60, at 14–16. The state supreme court dismissed Mr. Basra's fourth PRP as untimely under RCW 10.73.090. SCR, Exh. 63, at 3. Ground 4 was thus never fairly presented as a federal claim to the state courts, the state statute of limitations procedurally bars him from having the claim resolved substantively in the state courts, and this claim is therefore procedurally defaulted for federal habeas purposes. Mr. Basra has demonstrated neither cause and prejudice nor a miscarriage of justice that would excuse this procedural default. Moreover, Ground 4 lacks merit because Mr. Basra here also does not demonstrate how his state-constitution based claim violates federal law. *See* Dkt. 1, at 11.

Mr. Basra's Ground 4 is procedurally defaulted for federal habeas purposes and, alternatively, lacks merit.

## II. Merits of Ground 3

In Ground 3, Mr. Basra contends that he was denied the right to testify when his attorney limited the scope of the questions posed to him during his direct examination. Dkt. 1, at 9. This claim, which respondent concedes was fully exhausted for habeas purposes, is actually a challenge to the effectiveness of defense counsel's assistance at trial. Whether viewed as a

REPORT AND RECOMMENDATION - 9

claimed violation of effective assistance of counsel or of the right to testify, Ground 3 lacks merit.

The Washington Court of Appeals evaluated Mr. Basra's federal right to testify as an ineffective assistance claim to be reviewed in accordance with *Strickland v. Washington*, 466 U.S. 668 (1984):

> Here, Basra cannot show deficient performance. Basra was not denied the right to testify. He insisted that he wished to testify, and his attorneys provided him that opportunity. Counsel did not prevent Basra from testifying.
>
> Additionally, while the questions about Basra's turban may seem irrelevant, the record reveals that this issue was very important to Basra. He wrote a letter to the court explaining that he had identified the police officers' inconsistent statements and urged his attorney to investigate the color of his turban, but she did not do so. He emphasized his belief that if the officers were lying about or could not recognize the color of his turban, their testimony could not be admissible. By examining Basra about his turban, counsel gave Basra an opportunity to speak on an issue of great importance to him.
>
> Further, counsel's performance is not deficient if it can be characterized as legitimate trial strategy or tactics. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). Dr. Vincent Gollogly testified as to Basra's report of depression and Basra's memory of the day of the killing. Had Basra testified to recount what happened on that day, he would have opened the door to cross-examination regarding any inconsistencies in his statements. Considering this, it was not objectively unreasonable for Basra's counsel to develop a strategy that relied on Dr. Gollogly rather than Basra to tell his story.

*In re Basra*, 2016 WL 6534867, at *4–*5. The state court of appeals thus found that Mr. Basra was neither denied effective assistance of counsel nor denied the right to testify. *Id.* at *5.

Under *Strickland*, to demonstrate ineffective assistance of counsel a defendant must show (1) that counsel's representation was deficient in that it fell below an objective standard of reasonableness, and (2) this deficient representation prejudiced the defendant. *Strickland*, 466

REPORT AND RECOMMENDATION - 10

U.S. at 687. During habeas review, a federal court is doubly deferential to the state court's review of ineffective assistance of counsel: "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrison v. Richter*, 562 U.S. 86, 101 (2011). Thus, Mr. Basra must demonstrate that it was "necessarily unreasonable" for the state court of appeals to conclude that he had not overcome the strong presumption of counsel's competence. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

Mr. Basra has failed to demonstrate that it was necessarily unreasonable for the state court of appeals to have concluded that restricting Mr. Basra's testimony to certain disputed details so as not to permit cross-examination about Mr. Basra's account of crucial events was a sound, tactical decision by defense counsel. Although a defendant, rather than his attorney, retains the ultimate authority to determine "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal," *Jones v. Barnes*, 463 U.S. 745, 751 (1983), defense counsel has the authority to make strategic decisions and manage the defense case without having to obtain the client's prior approval of tactical decisions. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004). Because defense counsel restricted Mr. Basra's testimony to the question of whether the police officers misidentified the color of his turban, counsel was able to object successfully to the prosecutor's question: "You killed your wife?", and the prosecutor subsequently queried Mr. Basra no further. SCR, Exh. 8, at 687–88.

Mr. Basra has failed to demonstrate that the Washington Court of Appeals' decision that Mr. Basra was neither denied effective assistance of counsel nor denied the right to testify was contrary to or an unreasonable application of clearly established federal law as determined by the

Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

### III. Implied Motion to Amend the Petition

In his response to respondent's supplemental answer, Mr. Basra appears to raise an additional ground for relief: although it was clear he suffered from mental health conditions, the jury was never offered a diminished capacity instruction as required by state law.[1] Dkt. 44, at 2–9. To the extent Mr. Basra seeks to amend his habeas petition to include this claim, the Court recommends denying an amendment. Mr. Basra bases this claim entirely on state law and has not shown how it raises a violation of federal law. Moreover, this petition was originally filed in February 2018 such that adding this claim three years later that has no basis in newly discovered evidence is untimely, unexcused, and does not serve the interest of justice.

### CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

---

[1] On direct appeal, Mr. Basra alleged that his attorney provided ineffective assistance by failing to investigate evidence regarding his mental health. *Basra*, 2013 WL 6199251, at *4. The state court of appeals noted: "On the contrary, the record reveals that trial counsel presented the testimony of a forensic psychologist and argued to the jury that Basra's mental health issues prevented him from forming the intent to kill his wife." *Id.*

REPORT AND RECOMMENDATION - 12

Under this standard, the Court finds that no reasonable jurist would disagree that Grounds 2 and 4 are procedurally defaulted and, alternatively, lack merit and that Ground 3 lacks merit. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 8, 2021.** The Clerk should note the matter for **July 9, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eighteen (18) pages. The failure to timely object may affect the right to appeal.

DATED this 17th day of June, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13